UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MILTON CHARLES VAN NOLAND and JOY GARNER,

        Plaintiffs,

    v.

ERIC S. PELLETIER and "GRRR! LIMITED,"

        Defendants.

No. 2:09-cv-02035-MCE-DAD

**ORDER**

----oo0oo----

In bringing the present Motion for Reconsideration, Plaintiffs Milton Charles Van Noland and Joy Garner, both proceeding pro se, ask this Court to reverse the magistrate judge's February 24, 2010 Order denying Plaintiffs' Motion to Remand. Plaintiffs also ask this Court to reconsider the magistrate judge's denial of their Motion for Recusal in this matter.

///
///

1

**STANDARD**

In reviewing a magistrate judge's determination, the assigned judge shall apply the "clearly erroneous or contrary to law" standard of review set forth in Local Rule 303(f), as specifically authorized by Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A).[1]  Under this standard, the Court must accept the magistrate judge's decision unless it has a "definite and firm conviction that a mistake has been committed." Concrete Pipe & Products of Calif., Inc. v. Construction Laborers Pension Trust for So. Calif., 508 U.S. 602, 622 (1993).  If the Court believes the conclusions reached by the magistrate judge were at least plausible, after considering the record in its entirety, the Court will not reverse even if convinced that it would have weighed the evidence differently.  Phoenix Eng & Supply Inc. v. Universal Elec. Co., Inc., 104 F.3d 1137, 1141 (9th Cir. 1997).

**ANALYSIS**

Plaintiffs claim the magistrate judge erred in denying both their requests for remand to state court and recusal by the magistrate judge.

---

[1] Federal Rule of Civil Procedure 72(a) directs the district court judge to "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or is contrary to law." Similarly, 28 U.S.C. § 636(b)(1)(A), the district judge may reconsider any pretrial order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

2

With respect to the Motion to Remand, Plaintiffs give a laundry list of claimed errors. Plaintiffs' contentions, however, all stem from the magistrate judge's ultimate determination that the principal place of business, if any, of the Defendant corporation, Grrr! Limited, was located in the island of Guernsey, not California. As for the Motion for Recusal, Plaintiffs contend that recusal is warranted due to the magistrate judge's various adverse rulings.

### A.   The Magistrate Judge Properly Denied the Motion to Remand

Plaintiffs argue that the magistrate judge's denial of the Motion for Remand (Doc. #78) was erroneous as a matter of fact and law. Plaintiffs advance seven specific arguments. First, they allege that the Supreme Court's recent decision in <u>Hertz Corp. v. Friend</u>, 130 S. Ct. 1181, 2010 WL 605601 (Feb. 23, 2010), changed the prevailing law so that citizenship is no longer determined by the state of incorporation. Second, Plaintiffs contend that incorporation is not the only way of forming a company. Third, they allege that the "start up" theory as applied to this case was incorrect. Fourth, according to Plaintiffs, the magistrate judge failed to make a definitive finding that the Defendant corporation, Grrr! Limited, was active or inactive and that under the proper analysis, the court should have found evidence of substantial activity by the company in California during the relevant time period. Plaintiffs' fifth area of alleged error rests with their contention that there was in fact no evidence of substantial activity in Guernsey.

3

1 Sixth, Plaintiffs claim that the "naked assertions" considered by
2 the magistrate judge in making his determination were not
3 evidence.  Finally, according to Plaintiffs, the magistrate judge
4 improperly reversed the burden applicable to their Motion in any
5 event.
6   A defendant may remove any civil action from state court to
7 federal district court if the district court has original
8 jurisdiction over the matter.  28 U.S.C. § 1441(a).  Generally,
9 district courts have original jurisdiction over civil actions in
10 two instances: (1) where there is complete diversity between the
11 parties, or (2) where a federal question is presented in an
12 action arising under the Constitution, federal law, or treaty.
13 28 U.S.C. §§ 1331 and 1332.
14   To determine where a corporation is a citizen, the Court
15 looks to where the corporation has been incorporated and where
16 its principal place of business exists.  28 U.S.C. § 1332(c)(1).
17 "Subject matter jurisdiction is determined on the basis of the
18 facts that existed at the time the action was filed."  Stock West
19 Corp. v. Taylor, 964 F.2d 912, 917 (9th Cir. 1992) (citing
20 Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989)).
21 Here, there is no dispute that Defendant Grrr! Limited was
22 incorporated in Guernsey on December 29, 2008.  Therefore, the
23 dispositive question is whether Grrr! Limited has its principal
24 place of business in California or in Guernsey.
25 ///
26 ///
27 ///
28 ///

4

1    The record suggests that Defendant Grrr! Limited has
2 remained an inactive corporation since the time of its creation.
3 Consequently, the only relevant inquiry in determining its
4 citizenship would appear to be its place of incorporation.  "[A]s
5 a general matter, an 'inactive' corporation (that is, a
6 corporation conducting no business activities) has no principal
7 place of business, and is instead a citizen of its state of
8 incorporation only."  Midlantic National Bank v. Hansen, 48 F.3d
9 693, 696 (3rd Cir. 1995); Stock West Corp., 964 F.2d at 917.  See
10 also Harris v. Black, 961 F.2d 547, 551 (5th Cir. 1992) (a
11 corporation is a citizen of the state of its last place of
12 business unless a "substantial amount of time" has passed since
13 it became inactive).  According to Defendants, Grrr! Limited has
14 been inactive since inception because Plaintiffs failed to turn
15 over certain intellectual property.  Opp. to Pls.' Mot. for
16 Recons. 5:8-9.

17    Even if Defendant Grrr! Limited is an "active" corporation,
18 its principal place of business is in Guernsey, not California.
19 In an effort to establish a single, uniform standard, the Supreme
20 Court recently clarified that "'principal place of business' is
21 best read as referring to the place where a corporation's
22 officers direct, control, and coordinate the corporation's
23 activities."  Hertz Corp., 2010 WL 605601, at *11.  This so-
24 called "nerve center" test, as applied to the case at bar, leads
25 to the determination that Guernsey is the principal place of
26 business for Defendants.  Defendants have directors in Europe
27 (including two in Guernsey) and no directors in California.
28 ///

The corporate and financial records are maintained in Guernsey and decisions regarding the present litigation are being made by the directors in Europe.

Plaintiffs nonetheless argue that the court should look at pre-incorporation activities, including two meetings held in California. However, looking at the plain language of the statute, that argument lacks merit. Pursuant to 28 U.S.C. § 1332(c)(1), a *corporation* is a citizen where the *corporation* has been incorporated and where its principal place of business exists. Grrr! Limited was not a "corporation" at the time of the meetings because it had yet to be incorporated. Plaintiffs fail to cite any case law to the contrary and the assigned magistrate judge properly excluded the pre-incorporation activities as proof of California citizenship. Moreover, as the Supreme Court's recent Hertz decision makes clear, in the event of a difficult case, a court should look to a "single direction, toward the center of overall direction, control, and coordination." Hertz Corp., 2010 WL 605601, at *13. Here, that place is in Guernsey, not in California.

After reviewing the entire file, this Court cannot say that the magistrate judge's decision on the motion to remand was clearly erroneous as that standard has been defined.

**B.   The Magistrate Judge Properly Denied the Motion for Recusal**

Notwithstanding Plaintiffs' assertions to the contrary, they have not established that the assigned magistrate judge is either unbiased or unfair.

Plaintiffs contend that the magistrate judge has displayed a "clear pattern" of abuse in areas "where the court has no discretion", and that consequently Plaintiffs' "right to due process" has been abridged. Mot. for Recons. 16:7-9. Plaintiffs point to alleged instances where the magistrate judge's decisions created excessive and legally prohibited delays in favor of Defendants. Plaintiffs further allege that the magistrate judge voided a preliminary injunction in this matter without due process. Both these assertions relate to orders issued by the magistrate judge. Allegations that stem entirely from the magistrate judge's adverse rulings are not an adequate basis for recusal. Leslie v. Grouo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999). Therefore, Plaintiffs' Motion for Reconsideration of the Magistrate Judge's Order denying the Motion for Recusal is denied.

**CONCLUSION**

    For all these reasons, Plaintiffs' Motion for Reconsideration (Docket No. 83) is DENIED.

    IT IS SO ORDERED.

Dated: April 5, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

7